IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

Dated: September 25, 2009



*Sarah S. Curley* (signature)
SARAH S. CURLEY
U.S. Bankruptcy Judge

| | |
|---|---|
| 1 | PIEKARSKI & BRELSFORD, P.C. |
| 2 | 2633 E Indian School Road, Ste 460 |
|   | Phoenix AZ 85016 |
|   | Phone: (602) 956-1161 |
|   | Fax: (480) 247-4383 |
| 3 | Christopher J. Piekarski, AB# 019251 |
|   | Nathan J. Brelsford, AB# 024853 |
| 4 | Attorneys for Debtors |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

ABISOGUN C. KOKUMO and JUANITA E. KOKUMO,

Debtor(s).

Case No.: 2:09-bk-06925-SSC

STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN

It having been determined after notice:

1. That the Chapter 13 Plan of the Debtor filed on April 11, 2009 complies with Chapter 13 and all other applicable provisions of 11 U.S.C. § 1325;

2. That any fee, charge, or amount required under 28 U.S.C. § 123, or by the plan, to be paid before confirmation, has been paid;

3. That the Plan has been proposed in good faith and is not by any means forbidden by law;

4. That the value, as of the effective date of the plan, of property to be distributed under the plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estates of the debtor was liquidated under Chapter 7 of 11 U.S.C.;

5. That the plan provides that, the holders of secured claims, who have not accepted the plan shall retain their liens, and the value, as of the effective date of the plan, of property to be distributed under the plan on account of secured claims whose holders have not accepted the plan is not less than allowed amount of those claims;

6. That the Plan and this Stipulated Order shall not constitute an informal proof of claim for any creditor.

-1-

7. That Debtor has certified by filing such certification with the Court that any and all domestic support obligations and all required tax return filings are current [pursuant to 11 U.S.C. §1308].

IT IS THEREFORE ORDERED:

That the Chapter 13 Plan of the Debtor be and hereby is confirmed, subject to the following terms and conditions:

I. INCOME: That the Debtor shall pay to the Chapter 13 Trustee the sum of $15,000.00 over the anticipated life of the Plan as follows:

Months 1 – 36 (@ $200.00 per month) = $7,200.00

Months 37 – 60 (@ $400.00 per month) = $9,600.00

**TOTAL PLAN YIELD = $16,800.00**

(May 2009 through April 2014)

The first payment was due May 8, 2009.

II. PLAN DURATION: In no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee and/or any supplemental Plan payment made by the Debtor(s) unless, before the end of this period, the amount necessary to pay all allowed claims in full has been paid in full.

III. PAYMENT DUE DATE: Debtor is instructed to remit monthly payments on or before the 8th day of each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall at the end of the Plan cannot be discharged. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums.

IV. INCOME TAX RETURN COPIES: The debtor is required to provide, directly to the trustee within 30 days after the returns are filed, copies of their Federal and State income tax returns for years 2009 and 2010. Any tax refunds due to the Debtor for the duration of the Plan will be turned over to the Trustee and applied as supplemental payments to the Plan.

V.  TRUSTEE'S FEES: The Trustee shall receive such percentage fee of the Plan payments as may be fixed by the U.S. Attorney General pursuant to 28 U.S.C. § 586(e), not to exceed 10%.

VI. ATTORNEY'S FEES: That the attorney for the Debtor is awarded a fee in the amount of $3,500.00 of which $1,200.00 has been previously paid by the Debtor. The balance of $2,300.00 is to be paid by the Trustee from the Debtor's plan payments.

VII. SECURED CLAIMS-REAL PROPERTY

1. The name of the creditor is Saxon Mortgage Services, Inc. ("Saxon") as servicer of a secured deed of trust for a 1st mortgage on real property located at 5619 S. 16th Drive, Phoenix, Arizona 85041 (the "Subject Property"). The Subject Property is more fully described as:

> LOT 5, SOUTH PARK, ACCORDING TO BOOK 676 OF MAPS, PAGE 11, RECORDS OF MARICOPA COUNTY, ARIZONA.

The Debtor shall pay the regular monthly payments pursuant to contract terms directly to the creditor. The Subject Property may be sold or encumbered without further order of the Court, upon the approval of the Trustee.

   i. ARREARS: Saxon shall receive $2,064.47 per its proof of claim through the Plan for mortgage arrears on the Subject Property described above.

VIII. SECURED CLAIMS-PERSONAL PROPERTY

1. The name of the creditor is Wachovia Dealer Services ("Wachovia"), secured by a 2005 Chrysler Sebring-V6 automobile, shall be paid a claim of $5,250.05.00 at 5.0% interest.

   i. ADEQUATE PROTECTION: Wachovia shall receive an adequate protection payment of $56.00 per month for each payment made under the plan starting from month one of the plan, until commencement of the payment of its secured claim as set forth above. The adequate protection payments will be credited towards the amount to be paid to the creditor through the plan.

2. The name of the creditor is Sterling, Inc., DBA Kay Jewelers ("Sterling"), secured by jewelry, shall be paid a claim of $827.24 at ~~50~~ 210 % interest.

IX. PRIORITY CLAIMS-TAXES: That the following claims shall be classified as priority. Priority claims shall be paid in full:

1. The name of the creditor is Internal Revenue Service ("IRS"), with a priority claim for taxes in the amount of $2,498.97.
2. The name of the creditor is Arizona Department of Revenue ("ADOR"), with a priority claim for taxes in the amount of $484.78.

X. REAL PROPERTY TO BE SURRENDERED:

1. Real property located at 4450 E. Wood St., Phoenix, AZ 85040 to Bayview Loan Servicing, LLC, the holder of a Deed of Trust on the property. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.
2. Real property located at 4450 E. Wood St., Phoenix, AZ 85040 to Mortgage Banking 4 Investors, LLC, the holder of a Deed of Trust on the property. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.
3. Real property located at 4450 E. Wood St., Phoenix, AZ 85040 to Villas East Five Association, Inc., the holder of a statutory lien on the property. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.

XI. UNSECURED CLAIMS: That all other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the plan pro rata as determined by the Trustee and any amounts unpaid shall be discharged.

XII. EFFECTIVE DATE AND VESTING: The effective date of the Plan shall be the date of this Order. Property of the estate shall vest in the debtor upon confirmation of the Plan.

| | |
|---|---|
| 1 | The debtor may use the property in any manner, or may sell the property, without further |
| 2 | order of this court. |
| 3 | DONE IN OPEN COURT THIS DATE: _____ |

_____

The Honorable United States Bankruptcy Judge

ORDER APPROVED AS TO FORM AND CONTENT BY:

_/s/ Edward Maney_____

Edward Maney
Chapter 13 Trustee
PO Box 10434
Phoenix, Arizona 85064